# Use of Department of Defense Drug-Detecting Dogs to Aid in Civilian Law Enforcement

Lending Department of Defense drug-detecting dogs to civilian law enforcement officials and training the officials to handle the dogs is permitted by the Posse Comitatus Act.

The use of Department of Defense personnel to search, but not seize, materials is permissible if there are no persons present with whom a confrontation might arise.

The restrictions of 10 U S.C. § 375 are inapplicable to the Navy and the Marine Corps. Therefore, the use of Naval and Marine drug-detecting dogs lies within the discretion of the Secretary of the Navy and the Secretary of Defense.

June 23, 1989

MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

You have asked for a brief summary of the laws pertaining to the use of drug-detecting dogs owned by the Department of Defense ("DoD") and handled by DoD personnel in civilian law enforcement. In particular, you have asked us to address the extent to which the Posse Comitatus Act, 18 U.S.C. § 1385, as amended, may limit the ability of the military to lend such assistance to civilian law enforcement officials.

The Secretary of Defense may lend "equipment" to "law enforcement official[s] for law enforcement purposes." 10 U.S.C. § 372. The Secretary of Defense is also authorized to assign personnel to train civilian law enforcement officials in the operation and maintenance of loaned equipment. 10 U.S.C. § 373. If the dogs were capable of being loaned without their handlers or if training were a practical alternative, we would have no difficulty in concluding that drug-detecting dogs are "equipment" that may be loaned to civilian law enforcement officials, who may then be trained by DoD personnel to handle the dogs. We are informed, however, that these dogs can only be used with their DoD handlers. Therefore, we must consider as well the restrictions upon the use of DoD personnel.

Congress has directed the Secretary of Defense to

> prescribe such regulations as may be necessary to ensure
> that the provision of any support (including the provision
> of any equipment or facility or the assignment or detail of

185

any personnel) to any civilian law enforcement official under this chapter does not include or permit direct participation by a member of the Army, Navy, Air Force, or Marine Corps in a search and seizure, an arrest or other similar activity unless participation in such activity by such member is otherwise authorized by law.

10 U.S.C. § 375. At first blush, the statute's prohibition on participation in a "search and seizure" may be thought to proscribe use of drug-detecting dogs and their handlers. The legislative history, however, indicates that the purpose of this provision is to avoid confrontations between civilians and members of the military.[1] Reading this legislative history together with the statute's use of the phrase "direct participation," we conclude that the statute reasonably may be read to permit the use of drug-detecting dogs and their handlers with respect to a search as long as that search is not conducted in conjunction with a seizure. Thus, we believe that drug-detecting dogs may be used in searches of packages and places in the absence of persons with whom a confrontation may arise, as long as the actual seizure is made by civilian law enforcement personnel.

Finally, we note that section 375 need not be read as limiting even the direct participation of Navy or Marine Corps personnel in supporting civilian law enforcement efforts.[2] The Posse Comitatus Act by its terms does not apply to the Navy.[3] The purpose of the 1981 Amendments was to expand, and not contract, the existing "authority of the executive branch in the use of military personnel or equipment for civilian law enforcement purposes." 10 U.S.C. § 378. Thus, we believe the Navy and the Marine Corps continue to be exempt from the Act's restrictions, notwithstanding the reference in section 375. By regulation, however, the Navy has accepted the restrictions of the Posse Comitatus Act. See 32 C.F.R. § 213.10(c) (1988). That regulation may be waived, abrogated, or amended by the Secretary of the Navy to provide for the participation of drug detection personnel in civilian law enforcement operations. With such a change to the regulation, Navy and Marine Corps drug-detecting dogs and their handlers may be used fully in the civilian enforcement of the laws.

---

[1] See, e g., Posse Comitatus Act. Hearings on H.R. 3519 Before the Subcomm. on Crime of the House Comm. on the Judiciary, 97th Cong., 1st Sess. 28, 65, 538 (1981)

[2] OLC has been asked by the Hawaii Postal Inspector and the Navy whether Naval drug-detecting dogs and their handlers may be loaned to the Post Office to inspect packages. Even assuming that section 375 applies to the Navy, we think the Navy may lend these dogs and their handlers to the Post Office A fuller opinion on this issue is forthcoming.

[3] The Act provides·
    Whoever, except in cases and under circumstances expressly authorized by the Constitution or any Act of Congress, willfully uses any part of the Army or Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both.
18 U.S C. § 1385

In sum, lending DoD drug-detecting dogs to civilian law enforcement personnel and training them to handle the dogs is plainly permitted by the Posse Comitatus Act, as amended. Use of DoD personnel to search, but not seize, materials is permissible in the absence of persons with whom a confrontation might arise. Finally, we believe that the restrictions of 10 U.S.C. § 375 are inapplicable to the Navy and the Marine Corps, and therefore, that use of Naval and Marine drug-detecting dogs lies within the discretion of the Secretary of the Navy and the Secretary of Defense.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*